Robert Tauler  (SBN 241964)
robert@taulersmith.com
Kiran Sekhon (SBN 360474)
ksekhon@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 1100
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Shandi Miller*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANDI MILLER, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>CALDERA + LAB, INC., a Wyoming corporation; DOES 1 through 10, inclusive<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA TRAP AND TRACE LAW**<br><br>**(CAL. PENAL CODE § 638.51)** |

# I.   INTRODUCTION

1.    Defendant Caldera + Lab, Inc. ("Caldera + Lab" or "Defendant") is a company that sells men's skincare products.  As part of Defendant's marketing regime, Caldera + Lab, Inc. has partnered with TikTok to install sophisticated software on its landing page to learn the location, source, and identity of consumers who happen to land on their website.

2.    Plaintiff Shandi Miller ("Plaintiff") visited Defendant's website on December 12, 2025. Without Plaintiff's knowledge or consent, Defendant deployed a de-anonymization process to identify Plaintiff using electronic impulses generated from Plaintiff's device, as further described herein. Defendant's installation of the TikTok tracing process violates California's Trap and Trace Law, codified at California Penal Code § 638.51.

# II.   JURISDICTION AND VENUE

3.    "This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class.  Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen of a different State or subject of a foreign state.

4.    This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has purposefully directed its activities to the Central District of California by regularly engaging with individuals in California through its website. Defendant's illegal conduct is directed at and harms California residents, including Plaintiff, and if not for Defendant's contact with the forum, Plaintiff would not have suffered harm.

5.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; (2) does substantial business within this District; (3) is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District; and the injury to Plaintiff occurred within this District.

### III.    PARTIES

6.    Plaintiff Shandi Miller is, and at all times relevant to this complaint has been, a citizen of California residing and located within the Central District of California.

7.    Defendant Caldera + Lab, Inc. is a Wyoming corporation with its principal place of business at 3465 N Pines Way, Ste 104, Wilson, WY 83014.

8.    The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.    Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

### IV.    FACTUAL ALLEGATIONS

**A.    Defendant's Website and the Tik Tok Software.**

10.    Caldera + Lab, Inc. is the proprietor of http://calderalab.com/ (the "Website"), an online platform that sells men's skincare products.

11.    Defendant entered into an agreement with TikTok that allowed Defendant to install and use software created by TikTok (the "TikTok Software") on its Website. TikTok, the creator of the website software, is headquartered in Culver City, CA.

12.    Defendant has installed the TikTok Software on its Website in order to identify website visitors, including Plaintiff, and facilitate the collection and analysis of user data for mutual financial gain of both Defendant and TikTok.

13.    While in California, Plaintiff visited Defendant's Website on December 12, 2025 after the TikTok Software was installed and within the statute of limitations period.

14.    The TikTok Software acts via a process known as "fingerprinting." Put simply, the TikTok Software collects as much data as it can about an otherwise anonymous visitor to the Website and matches it with existing data TikTok has acquired and accumulated about hundreds of millions of Americans.

15.    The TikTok Software gathers device and browser information, geographic information, referral tracking, and URL tracking by running code or "scripts" on the Website to send user details, including Plaintiff's information, to TikTok.

16.    By the time the user accesses the Website, the TikTok Software has already commenced collecting data from the user. The TikTok Software transmits instructions to users' web browsers, including Plaintiff's so that Plaintiff's and users' personal information is sent to TikTok's servers. This level of data transmission is not necessary for basic website functionality.

17.    Additionally, since Caldera + Lab has decided to use TikTok's "AutoAdvanced Matching" technology, TikTok scans every website for information.  Thus, when the website asks for information, such as name, date of birth, and address, the information is sent simultaneously to TikTok, so that TikTok can isolate with certainty the individual to be targeted.

18.    The TikTok Software runs on virtually every page of Caldera + Lab's website, sending to TikTok images of website user's interests. An image of the code, as it appears side by side (and simultaneously) with the TikTok AutoAdvanced Matching tracking code Caldera + Lab has placed on the page, can be seen here:

COMPLAINT



19.    The Caldera + Lab website instantly sends communications to TikTok when a user lands on the Website, and every time a user clicks on a page.  In the example below, the right side of the image shows the various TikTok scripts being run by Defendant, and the electronic impulses being sent to TikTok to add to their collection of user behavior:



COMPLAINT

**B.**      **The TikTok Software is a Trap and Trace Device.**

20.      California law defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." California Penal Code § 638.50(c) (the "CIPA").

21.      The TikTok Software is a process to identify the source of electronic communication by capturing incoming electronic impulses and identifying dialing, routing, addressing, and signaling information generated by users, who are never informed that the Website is collaborating with the Chinese government to obtain their phone number and other identifying information.

22.      The TikTok Software is "reasonably likely" to identify the source of incoming electronic impulses. In fact, it is designed solely to meet this objective.

23.      Defendant did not obtain Class Members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

24.      CIPA imposes civil liability and statutory penalties for the installation of trap and trace software without a court order. California Penal Code § 637.2; *see also*, *Moody v. C2 Educ. Sys.* (C.D. Cal. July 25, 2024) No. 24-cv-04249, 2024 WL 3561367, at *3.

25.      Defendant did not obtain Class Members' express or implied consent to be subjected to data sharing with TikTok for the purposes of fingerprinting and de-anonymization.

## CLASS ALLEGATIONS

26.      Plaintiff brings this action individually and on behalf of all others similarly situation (the "Class Members") defined as follows:

> **All persons within California whose information was sent to TikTok by the Website through the TikTok Software within the statute of limitations period.**

27.      <u>NUMEROSITY</u>: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

28.     COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class Members. Such common legal and factual questions, which do not vary between Class Members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

a.     Whether Defendant installed the TikTok Software on the Website;

b.     Whether the TikTok Software is a trap and trace process as defined by law;

c.     Whether Plaintiff and Class Members are entitled to statutory penalties; and

d.     Whether Class Members are entitled to injunctive relief.

e.     Whether Class Members are entitled to disgorgement of data shared with TikTok.

29.     TYPICALITY: As a person who visited Defendant's Website and whose electronic communication was subjected to a trap and trace process on Defendant's Website, they are typical of the Class.

30.     ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

31.     SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

## FIRST CAUSE OF ACTION

### Violations of the California Trap and Trace Law

### Cal. Penal Code § 638.51

32.     California's Trap and Trace Law is part of the California Invasion of Privacy Act ("CIPA") codified at Cal. Penal Code 630, *et. seq*.

33.     CIPA was enacted due to curb "the invasion of privacy resulting from the continual and increasing use of" certain technologies determined to pose "a serious threat to the free exercise of

personal liberties."   CIPA extends civil liability for various means of surveillance using technology, including the installation of a trap and trace device.

34.     A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."   California Penal Code § 638.50(c).

35.     California Penal Code §638.51 provides that "a person may not install or use…a trap and trace device without first obtaining a court order…" § 638.51(a).

36.     Defendant uses a trap and trace process on its Website by deploying the TikTok Software on its Website, because the software is designed to capture the phone number, email, routing, addressing and other signaling information of website visitors. As such, the TikTok Software is solely to identify the source of the incoming electronic and wire communications to the Website. The TikTok Software does not collect the content of website visitors' communication to the Website.

37.     Defendant did not obtain consent from Plaintiff or any of the class members before using trap and trace technology to identify users of its Website, and has violated Section 638.51.

38.     CIPA imposes civil liability and statutory penalties for violations of § 638.51.

39.     Therefore, Plaintiff and Class Members are entitled to injunctive relief and statutory damages under California Penal Code § 637.2 and the equitable relief prayed for herein.

**PRAYER**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class counsel;

2.     An order enjoining Defendant's conduct as alleged herein and ordering disgorgement of data acquired through the TikTok Software, and any other injunctive relief that the Court finds proper;

3.     Statutory damages pursuant to CIPA;

4.     Reasonable attorneys' fees and costs; and

5.      All other relief that would be just and proper as a matter of law or equity, as determined by the Court.


DATED: February 25, 2026                              TAULER SMITH LLP



                                                By:    /s/ Robert Tauler
                                                       Robert Tauler, Esq.
                                                       *Attorney for Plaintiff*
                                                       *Shandi Miller*

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


DATED: February 25, 2026                    TAULER SMITH LLP



                                    By:    */s/ Robert Tauler*
                                           Robert Tauler, Esq.
                                           *Attorney for Plaintiff*
                                           *Shandi Miller*

COMPLAINT